**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

AGORIVE, SA,

    *Plaintiff*,

v.

OPERA GALLERY HOLDING USA, INC.,

    *Defendant*.

**JURY TRIAL DEMANDED**

## **DEFENDANT OPERA GALLERY HOLDING USA, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1332(a), Defendant Opera Gallery Holding USA, Inc. ("OGH") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court"), to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, OGH avers as follows[1]:

### **Background**

1. Plaintiff Agorive, S.A. ("Agorive") is the Belgium equivalent of a corporation controlled by Marc Van Moerbeke, an experienced international investor.

2. Opera Gallery Holding USA, Inc. ("OGH") is a Delaware corporation in the business of trading artwork.

---

[1] In the State Court, the Plaintiff designated the entire Complaint as confidential pursuant to Florida Rule of Judicial Administration 2.420(d). Accordingly, the Complaint as attached to this Notice of Removal, and as quoted herein, is redacted, and OGH will soon be filing a Motion to Provisionally Seal this information to give the Parties time to assess what information should be sealed pursuant to federal sealing standards and to confer regarding same.

3. Over a decade ago in 2015, Agorive and OGH executed a written Shareholders Agreement whereby Agorive agreed to invest $2 million in OGH in return for an equity interest.

4. OGH is a Delaware corporation, and the Shareholders Agreement is governed by Delaware law. In the Shareholders Agreement, the Parties agreed to submit to jurisdiction in Delaware, not Florida. While the Complaint, at ¶ 6, alleges that OGH "███████████ ███████████" at "███████████," those galleries are operated by OGH subsidiaries, not by OGH. Plaintiff does not allege with particularity that any of the specific events giving rise to its causes of action took place in Florida. For these reasons and others, Florida courts do not have personal jurisdiction over OGH. Separately, the Court should dismiss the suit on grounds of *forum non conveniens*.

5. Plaintiff's claims fail on the merits as well. Plaintiff seeks to nullify the Shareholders Agreement on the grounds that Plaintiff did not understand how the Agreement worked. Plaintiff believed that its investment would necessarily result in a profitable return. This has not yet happened. Therefore, according to Plaintiff, the Court should award it a $6 million windfall on its $2 million investment.

6. In negotiating the Shareholders Agreement, Agorive bargained for and received a limited Put Right that allowed Agorive to sell its shares back to OGH. But the Put Right is only exercisable if, among other things, OGH's cash and inventory have achieved certain pre-determined levels. In other words, the parties agreed that OGH would not be obligated to buy back Agorive's shares unless OGH had sufficient cash and assets to do so while still maintaining additional reserves for the operation of the capital-intensive business of trading in fine artwork.

7. Pursuant to Article 13 of the Shareholders Agreement, Agorive's Put Right may only be exercised with respect to all of its shares if OGH's cash reserves are equal to five times the subscription price. Specifically, Section 13(l)(i)(a) of the Agreement states:

[2]

8. Agorive does not allege that OGH actually had the required cash on hand to trigger its Put Right. Moreover, Agorive does not allege that this provision of the Shareholders Agreement is vague.[3] Instead, Agorive claims it *did not understand* this provision when it executed the Shareholders Agreement. It alleges:



9. Notably, Agorive admits that it was the party that requested the Put Right and that it was "" *See* Ex. 1, Compl. ¶¶ 17-18.

---

[2] (Emphasis supplied). The Shareholders Agreement is attached as Exhibit A to Agorive's Complaint.

[3] The Shareholders Agreement further required that OGH and its subsidiaries have certain pre-determined levels on inventory in order for the Put Right to be activated. In order for Agorive to put all its shares to OGH, OGH must have inventory amounting to 60% or more of current-year sales.

10. Agorive claims it must have been misled about the plain meaning of the phrase "███████████████████████████████████████████████" It alleges that:

███████████████████████████████████████
███████████████████████████████████████
███████

11. OGH believes that this position fails as a matter of law for numerous reasons and intends to move for dismissal.

12. The only breach of contract claimed by Agorive is that, during the COVID era, OGH was late in providing 2022 financial reports. Of course, Agorive does not claim that these late 2022 reports caused it to misunderstand the Shareholders Agreement it had signed seven years earlier in 2015. And Agorive admits it now has the requested reports. Agorive's remaining claims are variations of the fact patterns above under different causes of actions (*e.g.,* breach of the implied duty of good faith and unjust enrichment).

13. OGH hereby removes the case to this Court, and it will soon move to dismiss the Complaint for lack of personal jurisdiction, under the doctrine of *forum non conveniens*, and for failure to state a claim.

## Grounds for Removal

**A. There Is Complete Diversity Among the Parties, and the Amount-in-Controversy Requirement is Satisfied.**

14. Removal of this action is proper under 28 U.S.C. § 1441(a) because this action is one "of which the district courts of the United States have original jurisdiction."

15. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(a)(2) because it is an action "between . . . citizens of a State and citizens or subjects of a foreign state,"

and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

16. "Alienage jurisdiction, set out in [28 U.S.C. § 1332(a)(2)], is a form of diversity jurisdiction under which federal courts may hear cases between citizens of a State and citizens or subjects of a foreign state." *PW W. Coast LLC v. Monteverde*, No. 17-22233-CIV, 2018 WL 1795486, at *2 (S.D. Fla. Feb. 13, 2018), *report and recommendation adopted*, No. 17-22233-CIV, 2018 WL 1795440 (S.D. Fla. Mar. 6, 2018) (citing *Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011)).

17. Plaintiff Agorive is a citizen of Belgium because it is a société anonyme organized under the laws of Belgium with a principal place of business in Brussels, Belgium. Ex. 1, Compl. ¶ 1.

18. A "société anonyme" is a "business form roughly equivalent to a U.S. corporation" in several countries. *Danner v. Int'l Freight Sys. of Washington, LLC*, 855 F. Supp. 2d 433, 444-45 (D. Md. 2012) (quoting *Pittway Corp. v. United States*, 88 F.3d 501, 502 (7th Cir. 1996)). Accordingly, "Société Anonymes . . . have been treated as foreign corporations for diversity purposes." *V&M Star, LP v. Centimark Corp.*, No. 4:07CV3573, 2010 WL 11569402, at *3 (N.D. Ohio Apr. 26, 2010); *see also Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, No. CV 19-5377, 2025 WL 2917751, at *2 (E.D. Pa. Oct. 13, 2025) ("With respect to citizenship for purposes of diversity jurisdiction, société anonymes are regularly treated as foreign corporations.") (citing *Finco Prime Consulting Corp. v. Belmamoun*, No. 22-952, 2022 WL 2237445, at *1 (S.D.N.Y. June 22, 2022)).

19. "A foreign corporation is considered a citizen of 'every State or foreign state where the company is incorporated and [of] the State or foreign state where the company has its

5

worldwide principal place of business.'" *Karpel v. Knauf Gips KG*, No. 21-24168-CIV, 2023 WL 3845507, at *2 (S.D. Fla. June 6, 2023) (quoting *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018)); *see also* 28 U.S.C.A. § 1332(c)(1) (same).

20. Because Agorive is incorporated in Belgium and maintains its principal place of business in Brussels, Belgium, Agorive is a citizen of Belgium for purposes of diversity/alienage jurisdiction.

21. OGH is a citizen of Delaware and New York because OGH is incorporated in the State of Delaware, *see* Ex. 1, Compl. ¶ 2, and maintains a principal place of business in New York.[4] *See Carnival Corp. v. Stankovic*, No. 16-CIV-20353, 2016 WL 9274718, at *2 (S.D. Fla. Dec. 12, 2016) ("For diversity purposes, a corporation is considered a citizen 'of both the state where it is incorporated and the state where it has its principal place of business.'") (quoting *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005)).

22. Finally, the amount in controversy is met because the Complaint asserts that "[t]he amount in controversy exceeds $5,000,000, exclusive of interest, costs, and attorney's fees," Ex. 1, Compl. ¶ 5, in excess of the $75,000 amount-in-controversy requirement threshold of 28 U.S.C. § 1332(a)(2). *See, e.g., Airlift Me Dw, LLC v. IAG Engine Ctr., LLC*, No. 22-CV-22702, 2023 WL 144866, at *4 (S.D. Fla. Jan. 10, 2023) (finding the amount-in-controversy requirement satisfied where the plaintiff expressly sought more than $75,000).

---

[4] While OGH has, pursuant to Section 607.1622(1)(c), Florida Statutes, filed annual reports with the Florida Secretary of State listing a "principal office" with an address in Florida, that listing reflects only that an OGH subsidiary engages or has engaged in operations at an art gallery at this Florida address. The "nerve center" of OGH is in New York. *See, e.g., Storms v. Haugland Energy Group, LLC*, 18-CV-80334-BLOOM/REINHART, 2018 WL 4347603, at *7 (S.D. Fla. Aug. 17, 2018) ("[A] 'principal address' [for purposes of Section 607.1622(1)(c), Florida Statutes] is markedly different from the legal concept of 'principal place of business.'").

6

**B.      The Procedural Requirements for Removal Have Been Satisfied.**

23.    This is the proper United States district court to which civil actions pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, may be removed.

24.    This removal is timely under 28 U.S.C. § 1446(b)(1). OGH accepted service in this action on January 23, 2026, fewer than 30 days ago. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008) (explaining that "each defendant" in a case may "file a timely motion for removal within thirty days of receipt of service by that individual defendant").

25.    After filing this Notice of Removal, OGH will promptly serve written notice of this Notice of Removal on counsel for Agorive and file the same with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, in accordance with 28 U.S.C. § 1446(d).

26.    True and correct copies of all process, pleadings, and orders served on the defendants in the action pending in the state court are attached hereto. Specifically, attached to this Notice of Removal are: Exhibit 1, State Court Complaint; Exhibit 2, State Court Docket Sheet; Exhibit 3, All Remaining Filings Made in State Court.

## Non-Waiver of Defenses

27.    By removing this action from the state court, OGH does not waive any defenses available to it.

28.    By removing this action from the state court, OGH does not admit any of the allegations in Agorive's Complaint.

**WHEREFORE**, OGH removes the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Dated: February 23, 2026

Respectfully submitted,

By:   */s/ Brenton H. Cooper*
     Brenton H. Cooper (Lead Counsel)
     Florida Bar No. 1035909
     BAKER BOTTS L.L.P.
     700 K Street, N.W.
     Washington, DC 20001
     (202) 639-1325
     (202) 639-7890 (Facsimile)
     brent.cooper@bakerbotts.com

*Attorney for Opera Gallery Holding USA, Inc.*

### Certificate of Service

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document via Fed-Ex and e-mail to Plaintiff's counsel at the addresses shown below:

Alvin B. Davis
Heise Suarez Melville, P.A.
2990 Ponce De Leon Boulevard, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 800-4476
adavis@hsmpa.com
jdelarosa@hsmpa.com
filings@hsmpa.com

          */s/ Brenton H. Cooper*
          Brenton H. Cooper